United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA M. LOGGINS,

    Plaintiff,

    v.

PACIFIC MARITIME ASSOCIATION, et al.,

    Defendants.

_____/

No. C 13-0530 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court are plaintiff's motion to remand and defendant Pacific Maritime Association's motion to dismiss. The motions came on for hearing before this court on April 17, 2013. Plaintiff Debra Loggins ("plaintiff") appeared through her counsel, John Ota. Defendant Pacific Maritime Association ("PMA") appeared through its counsel, Megan Borovicka. Defendant International Longshore & Warehouse Union, Local 10 ("ILWU") (together with PMA, "defendants") appeared through its counsel, Robert Remar. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand as follows.

    This case arises out of plaintiff's failure to be hired for a casual longshore position at the port of Oakland. Plaintiff alleges that she applied for the position, received a sequence number, and was told that she would be hired when her sequence number was called, as long as she met all requirements and passed all tests. Claiming that she was still not hired despite meeting all requirements and passing all tests, plaintiff filed suit in state court on October 15, 2012, asserting five causes of action: (1) employment discrimination based on sex; (2) employment discrimination based on race; (3) employment discrimination based on

age; (4) breach of contract; and (5) negligence. Defendants removed this case to federal court on February 6, 2013, claiming that plaintiff's claims require interpretation of the terms of a collective bargaining agreement, making them preempted by section 301 of the Labor Management Relations Act and thus subject to federal subject matter jurisdiction. In support of their argument, defendants point to plaintiff's employment application, which states that "[c]asual work performed and employment will be governed by the Agreement between the International Longshoremen's and Warehousemen's Union and Pacific Maritime Association covering longshoremen and clerks on the Pacific Coast, and by the rules of determinations of the Joint Port Labor Relations Committee under such Agreement," and that "[a]ny grievances regarding casual employment shall be filed under the grievance machinery set forth in the PCLCD and PCCCD." Dkt. 17, Ex. L at 4. Based on that language, defendants argue that plaintiff agreed to have any employment-related claims governed by the procedures set forth in the collectively bargained agreements. However, the plain language of the application states only that actual "employment" and actual "work performed" would be governed by the CBA procedures. Because plaintiff was never hired, there was no "employment" or "work performed," and thus no trigger of these CBA procedures.

Defendants then make a second attempt to apply CBA procedures to plaintiff's claims. They point to a completely separate document, called the "Memorandum of Coastwise Rules Covering Registration/Deregistration of Longshoremen and Clerks" (also referred to as the "Coastwise Rules"), which states that CBA grievance procedures shall apply to all disputes between the union and "any person or persons working <u>or seeking to work</u> under this agreement." Dkt. 17, Ex. M at 17. However, there is no indication that plaintiff was given notice of the Coastwise Rules. In fact, while plaintiff's employment application specifically states that she received "a copy of the ILWU-PMA Joint Port Labor Committee Procedures and Rules Applicable to Non-registered Casuals," it makes no mention of the Coastwise Rules. Because defendants have not shown that plaintiff was made aware of the Coastwise Rules, they cannot show that she was bound to their terms.

Thus, in the absence of any agreement to have her claims governed by CBA procedures, the court looks to the face of plaintiff's complaint to determine whether her claims are "substantially dependent on analysis of a collective-bargaining agreement." Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) (internal citations omitted). Defendants concede that plaintiffs' first three causes of action (for discrimination under FEHA) do not involve interpretation of the CBA. However, they do argue that plaintiff's fourth cause of action (for breach of contract) requires interpretation of various collectively-bargained documents to determine the meaning of "sequence number" and "all requirements." Defendants also argue that plaintiff's fifth cause of action (for negligence) is actually a disguised claim for breach of the duty of fair representation. The court disagrees. Plaintiff's breach of contract claim is not based on any collectively bargained documents, and in fact, is not based on any documents at all. Instead, plaintiff alleges that she and defendants had an agreement that was "implied by and based on the conduct" of the parties. Complaint, Dkt. 1, Ex. C at ¶ 32. As in Caterpillar, plaintiff's claim "does not rely upon the collective agreement indirectly, nor does it address the relationship between the individual contracts and the collective agreement." 482 U.S. at 395. As to plaintiff's negligence cause of action, the court first notes that plaintiff was never a member of any union, and defendants do not present authority establishing that a non-member of a union can bring a claim for breach of the duty of fair representation. Regardless, even if plaintiff had been a union member (as were the Caterpillar plaintiffs), she has the right as "master[] of the complaint" to choose to bring suit based on rights that exist outside of the collective agreements. Id.

The Caterpillar case is especially instructive here. The Caterpillar plaintiffs were one-time union employees who were promoted to managerial or weekly salaried positions, thus taking them outside the coverage of the collective bargaining agreement. 482 U.S. at 388. Caterpillar allegedly made written and oral promises to these employees that they could "look forward to indefinite and lasting employment with the corporation." Id. Plaintiffs were eventually laid off, and brought suit for breach of contract. Caterpillar removed the

3

action to federal court, making the same argument that defendants make in this case, that the breach of contract claim was preempted by section 301 of the LMRA. The Supreme Court disagreed, finding that "Caterpillar's basic error is its failure to recognize that a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights <u>independent</u> of that agreement, including state-law contract rights, so long as the contract relied upon is <u>not</u> a collective-bargaining agreement." <u>Id.</u> at 396 (emphasis in original). It appears that, in this case, defendants have made the same "basic error." In fact, this case presents an even stronger basis for remand, because unlike the <u>Caterpillar</u> plaintiffs, plaintiff Loggins was never a union employee, and thus was never "covered by a collective-bargaining agreement." Accordingly, plaintiff's motion to remand is GRANTED. PMA's motion to dismiss is denied as moot. The case is REMANDED to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated: April 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

4